[Cite as *State v. McQuillen*, 2012-Ohio-4953.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 COA 014 |
| CHAD E. MCQUILLEN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:   Criminal Appeal from the Court of Common
Pleas, Case No.  11 CRI 116

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:   October 17, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RAMONA FRANCESCONI ROGERS  ERIN N. POPLAR
ASHLAND COUNTY PROSECUTOR  ERIN POPLAR LAW LLC
PAUL T. LANGE       1636 Eagle Way
ASSISTANT PROSECUTOR    Ashland, Ohio  44805
110 Cottage Street
Ashland, Ohio  44805

*Wise, J.*

{¶1} Appellant, Chad E. McQuillen, appeals his conviction and sentence from the Ashland County Court of Common Pleas. Appellant was indicted on one count of Possession of Cocaine, a felony of the fifth degree in violation of R.C. 2925.11(A) and one count of Illegal Assembly or Possession of Chemicals for Manufacture of Drugs, a felony of the second degree, in violation of R.C. 2925.041(A).

{¶2} Appellant entered pleas of guilty to Possession of Cocaine and Illegal Assembly or Possession of Chemicals for Manufacture of Drugs, however, the second count was reduced to a felony of the third degree. Appellant was sentenced to six months in prison for Possession of Cocaine and twenty four months in prison for Illegal Assembly ordered to be served concurrently. The trial court also imposed fines of $5,500.00. A timely notice of appeal was filed.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error:

{¶4} "I. PAYMENT OF FINE AND COURT COSTS: THE TRIAL COURT ERRED AND WHEN IT IMPOSED THE MANDATORY MINIMUM FINE ON APPELLANT PURSUANT TO OHIO REVISED CODE SECTIONS 2925.041 AND 2929.18 BECAUSE HE HAD ALREADY BEEN FOUND TO BE INDIGENT AND HAD COMPLETED AND FILED AN AFFIDAVIT OF INDIGENCY PRIOR TO SENTENCING."

{¶5} "II. IN THE ALTERNATIVE, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH

AMENDMENTS TO THE UNITED STATES CONSTITUTION BECAUSE HIS COURT-APPOINTED COUNSEL DID NOT REQUEST THAT THE COURT REFRAIN FROM IMPOSING A MANDATORY FINE ON APPELLANT PURSUANT TO OHIO REVISED CODE SECTIONS 2925.041 AND 2929.18."

{¶6} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶7} Counsel in this matter has followed the procedure in *Anders v. California*, 386 U.S. 738 (1967). We find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court.

I., II.

{¶8} In his first Assignment of Error, Appellant argues the trial court erred in imposing fines and court costs. In his second proposed Assignment of Error, Appellant

argues he received ineffective assistance of trial counsel because trial counsel failed to object to the fine and costs. Because these Assignments of Error are related, we will address them together.

{¶9} The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶10} As this Court explained in *State v. Perry,* 5th Dist. No. 2004-CA-00066, 2005-Ohio-85:

{¶11} " '[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' *State v. Martin,* 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) 'to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). 'All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' *State v. Dunaway,* 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at 36; *Martin,* 140 Ohio App.3d at 33, 746 N.E.2d 642" *Id.* at *4-5, 746 N.E.2d 642. *See also State v. Thompson,* 5th Dist. No. 06-CA-62, 2008-Ohio-435, at ¶ 19. While it would be

preferable for the trial court to expressly state on the record that it has considered a defendant's present and future ability to pay a fine, it is not required. *State v. Parker,* 2nd Dist. No. 03CA0017, 2004-Ohio-1313, ¶ 42, citing *State v. Slater,* 4th Dist. No. 01 CA2806, 2002-Ohio-5343. "The court's consideration of that issue may be inferred from the record under appropriate circumstances." *Id.*

{¶12}  The record in this case reveals the trial court made a specific finding that Appellant has a future ability to pay the fines and costs.  For this reason, we cannot say the record demonstrates the trial court abused its discretion in imposing fines and court costs.  Further, because the trial court did not abuse its discretion in imposing the fine and costs, it was not error for counsel to fail to object to the imposition of the fine and costs.

{¶13}  Appellant's proposed Assignments of Error are overruled.

{¶14}  For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.  Hence, we find the appeal to be wholly frivolous under *Anders,* and grant counsel's request to withdraw.

{¶15} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 1003

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
CHAD E. MCQUILLEN                                :
                                                 :
    Defendant-Appellant                      :                    Case No. 12 COA 014


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Ashland County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES