[Cite as *State v. Rebarchek*, 2021-Ohio-3142.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 5-21-02

v.

JOSHUA M. REBARCHEK,

O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 5-21-03

v.

JOSHUA M. REBARCHEK,

O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court**
**Trial Court Nos. 2020 CR 174 and 2020 CR 138**

**Judgments Affirmed**

**Date of Decision:  September 13, 2021**

**APPEARANCES:**

    *Lawrence A. Gold* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, P.J.**

{**¶1**} Defendant-appellant Joshua M. Rebarchek ('Rebarchek") brings this appeal from the judgments of the Court of Common Pleas of Hancock County sentencing him to an indeterminate sentence.  Rebarchek alleges on appeal that the sentence violates the separation of power doctrine.  For the reasons set forth below, the judgments are affirmed.

{**¶2**} On February 5, 2021, the trial court entered a judgment of sentencing in trial court case number 2020 CR 174 (appellate number 5-21-02) noting that Rebarchek had been found guilty after a no contest plea of Pandering Obsecenity Involving a Minor in violation of R.C. 2907.321(A)(1) (Counts 1 and 2), Pandering Sexually Oriented Material Involving a Minor in violation of R.C. 2907.322(A)(5) (Count 4), Illegal Use of a Minor in a Nudity-Oriented Material or Performance in violation of R.C. 2907.323(A)(3) (Count 5), and Domestic Violence in violation of R.C. 2919.25(A) (Count 7).  ADoc. 45[1].  The trial court imposed the following prison terms:  1) Counts 1 and 2 received an indefinite prison term of seven years up to a maximum term of 10 ½ years; 2) Counts 4 and 5 received a definite prison term of 12 months; and 3) Count 7 received a prison term of 16 months.  ADoc. 45. The sentences imposed as to Counts 1, 2, 4, 5 were ordered to be served concurrently with each other, but consecutive to that imposed in Count 7.  ADoc. 45.

---

[1] The docket in trial court case number 2020 CR 174 is identified as "ADoc."  The docket in trial court case number 2020 CR 138 is identified as "BDoc."

{¶3} On that same date, the trial court also entered a judgment of sentencing in trial court case number 2020 CR 138 (appellate case number 5-21-03). BDoc. 34. The entry noted that Rebarchek was found guilty of assault in violation of R.C. 2903.13(A), a felony of the fourth degree. BDoc. 34. The trial court imposed a sentence of eight months and ordered that it be served consecutive to the sentence imposed in 2020 CR 174. BDoc. 34. The intent of the trial court in sentencing on both cases was for Rebarchek to serve a prison term ranging from 9 years to 12 ½ years. BDoc. 34. Rebarchek filed a notice of appeal from this sentence. ADoc. 51 and BDoc. 38. On appeal, he raises the following assignment of error.

> **Indefinite Sentencing under the Reagan Tokes Act is unconstitutional under the Fourteenth Amendment of the United States Constitution and the Applicable sections of the Ohio Constitution.**

{¶4} In the sole assignment of error, Rebarchek solely argues that the statute is unconstitutional because it violates the separation of powers by allowing the executive branch of government to determine the length of sentence. This Court has previously addressed this issue in *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, 161 N.E.3d 112. In *Hacker*, the defendant was sentenced to an indeterminate sentence and alleged that the statute was unconstitutional due to a violation of the separation of powers. This Court determined in *Hacker* that the statute was constitutional on its face as the maximum sentence was still determined by the judicial branch, not the executive branch. Similarly, this Court in *State v.*

*Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, also held that there was no facial constitutional violation.  Given our prior rulings in this case, we do not find that Rebarchek's sentence violates the separation of powers provision of the U.S. Constitution or the Ohio Constitution.  The assignment of error is overruled.

{¶5} Having found no error in the particulars assigned and argued, the judgments of the Court of Common Pleas of Hancock County are affirmed.

*Judgments Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**