[Cite as *State v. Downard*, 2022-Ohio-2393.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2019-0079 |
| DAMON K. DOWNARD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:      Appeal from the Muskingum County
                               Court of Common Pleas, Case No.
                               CR2019-0370


JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        July 11, 2022


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant

RONALD L. WELCH                        CHRIS BRIGDON
Prosecuting Attorney                   8138 Somerset Road
Muskingum County, Ohio                 Thornville, Ohio 43076

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701-0189

*Hoffman, P.J.*

**{¶1}** This case comes before this Court from the judgment entered by the Ohio Supreme Court on April 27, 2022, remanding this case for this Court to consider whether the challenged provisions of the Reagan Tokes Law are constitutional. Defendant-appellant is Damon K. Downard. Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On July 10, 2019, Appellant was indicted by the Muskingum County Grand Jury on one count of aggravated robbery, a first degree felony, and one count of assault on a peace officer, a fourth degree felony. On September 18, 2019, Appellant entered guilty pleas to an amended charge of robbery, a second degree felony, and assault on a peace officer, a fourth degree felony, and was convicted of both charges.

**{¶3}** The case proceeded to sentencing on September 23, 2019. Appellant was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. On the robbery conviction, the trial court sentenced Appellant to a stated minimum prison term of eight years. The trial court sentenced Appellant to a stated prison term of twelve months for assault on a peace officer. The trial court ordered the sentences to be served consecutively, for an aggregate minimum prison term of nine years and an aggregate indefinite maximum prison term of thirteen years. Appellant appealed the judgment of conviction and sentence, assigning as error:

---

[1] A rendition of the facts is unnecessary to our resolution of the issue raised on appeal

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. DAMON DOWNARD RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

**{¶4}** This Court found the issue of the constitutionality of the Reagan Tokes Law to be not yet ripe for review. *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227. This case came before the Ohio Supreme Court. The Ohio Supreme Court reversed this Court's decision finding the issue of constitutionality not ripe for review, and remanded to this Court with instructions to issue a ruling on the constitutionality of the Reagan Tokes Law. *In re Cases Held for the Decision in State v. Maddox*, 2022-Ohio-1352.

I.

**{¶5}** In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

**{¶6}** For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, 2020 WL

7054428, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, 2020 WL 4919694; *State v. Hacker*, 3rd Dist., 2020-Ohio-5048, 161 N.E.3d 112; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, 2020 WL 4279793; *State v. Delvallie*, 8th Dist., 2022-Ohio-470, 185 N.E.3d 536.

{¶7} The first assignment of error is overruled.

II.

{¶8} In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶9} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

**{¶10}** Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

**{¶11}** The second assignment of error is overruled.

**{¶12}** The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur