[Cite as *State v. Johnson*, 2023-Ohio-990.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2022-L-067 |
| | 2022-L-068 |
| Plaintiff-Appellee, | |
| | |
| - vs - | Criminal Appeals from the |
| | Court of Common Pleas |
| ROBIN L. JOHNSON, | |
| | |
| Defendant-Appellant. | Trial Court Nos. 2020 CR 000440 |
| | 2021 CR 000846 |

### O P I N I O N

Decided: March 27, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Robin L. Johnson, appeals his sentences for Tampering with Records, Identity Theft, Engaging in a Pattern of Corrupt Activity and OVI, in the Lake County Court of Common Pleas. For the following reasons, we affirm the decision of the lower court.

{¶2} On November 2, 2020, in Lake County Court of Common Pleas Case No. 20 CR 000440, Johnson was indicted by the Lake County Grand Jury for nine counts, including Tampering with Records, Forgery, Identity Fraud, and Operating a Vehicle

Under the Influence. On July 1, 2021, in Case No. 21 CR 000846, he was indicted for 61 counts, which included Engaging in a Pattern of Corrupt Activity, Forgery, Theft, and Counterfeiting.

{¶3} On May 10, 2022, in Case No. 20 CR 000440, Johnson entered a plea of guilty to two counts of Tampering with Records, felonies of the third degree, in violation of R.C. 2913.42(A)(1); Identity Fraud, a felony of the fifth degree, in violation of R.C. 2913.49(B)(2), and OVI, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). In Case No. 21 CR 000846, Johnson pled guilty to Engaging in a Pattern of Corrupt Activity, a felony of the second degree, in violation of R.C. 2923.32(A)(1). The convictions arose from his use of a false identity and a scheme to steal checks from a post office mailbox and alter them. The court accepted Johnson's guilty pleas.

{¶4} A sentencing hearing was held on June 27, 2022. In Case No. 20 CR 000440, the court ordered Johnson to serve consecutive terms of one year for each count of Tampering with Records and Identity Fraud, and a concurrent term of three months for OVI. In Case No. 21 CR 000846, for Engaging in a Pattern of Corrupt Activity, the court ordered Johnson to serve a sentence of seven years to 10.5 years. The terms in the two cases were ordered to be served consecutively for a total prison term of 10 to 13.5 years.

{¶5} On appeal, Johnson raises the following assignment of error:

{¶6} "The trial court erred by imposing an indefinite sentence upon Robin L. Johnson, Defendant-Appellant, pursuant to R.C. 2901.011, et al. — the Reagan Tokes Law, contrary to the United States and Ohio Constitutions."

{¶7} In his sole assignment of error, Johnson argues that his sentence for

2

Engaging in a Pattern of Corrupt Activity is improper because it was an indefinite sentence ordered pursuant to the Reagan Tokes Law, which he claims is unconstitutional. Johnson raises the following arguments: the issue of the constitutionality of the Reagan Tokes Law is ripe for review; Reagan Tokes violates the doctrine of separation of powers by allowing the ODRC to try, convict, and sentence him for infractions committed while in prison; that he will be denied a fair hearing where prison officials rather than a neutral magistrate will determine whether he should remain incarcerated; and Reagan Tokes violates his right to due process given his liberty interest in release after the expiration of the minimum term.

{¶8} As to his initial argument that this matter is ripe for review, it is accurate that the Ohio Supreme Court has held that a challenge to the constitutionality of the Reagan Tokes Law is "ripe for review on direct appeal." *State v. Maddox*, 168 Ohio St.3d 292, 2022-Ohio-764, 198 N.E.3d 797, ¶ 11. However, such argument "is merely a gatekeeper for analyzing the remaining constitutional arguments," which lack merit. *State v. Allen*, 11th Dist. Lake No. 2021-L-060, 2022-Ohio-4243, ¶ 30.

{¶9} This court has fully addressed the challenges to Reagan Tokes raised by Johnson, including issues relating to due process, separation of powers, and the right to a fair hearing, found that these arguments lacked merit, and held that Reagan Tokes is constitutional. *State v. Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371; *State v. Moran*, 2022-Ohio-3610, 198 N.E.3d 922 (11th Dist.); *State v. Shannon*, 11th Dist. Trumbull No. 2021-T-0049, 2022-Ohio-4160. Other appellate courts throughout Ohio have also upheld the law as constitutional. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-

3

Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607 (4th Dist.); *State v. Ratliff*, 2022-Ohio-1372, 190 N.E.3d 684 (5th Dist.); *State v. Maddox*, 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Runner*, 2022-Ohio-4756, __ N.E.3d __ (7th Dist.); *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. We do not find that Johnson raises any argument left unaddressed in this court's prior opinions. Pursuant to the above authorities, Johnson's challenges to the constitutionality of the Reagan Tokes Law lack merit.

{¶10} The sole assignment of error is without merit.

{¶11} For the foregoing reasons, Johnson's sentences are affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

4

Case No. 2022-L-067, 2022-L-068