[Cite as *State v. Whethers*, 2023-Ohio-1088.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JOSHUA M. WHETHERS,

        Defendant-Appellant.

**CASE NO. 2022-L-091**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 001333

**O P I N I O N**

Decided: March 31, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Martin Yavorcik*, 940 Windham Court, Suite 7, Youngstown, OH 44512 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Joshua M. Whethers ("Mr. Whethers"), appeals from the judgment of the Lake County Court of Common Pleas, which sentenced him to an indefinite term of imprisonment of eight to 12 years for possession of fentanyl and a concurrent, 24-month term of imprisonment for possession of cocaine.

{¶2} In his sole assignment of error, Mr. Whethers attacks the constitutionality of the Reagan Tokes Act, arguing it violates his rights to trial by jury and due process and the doctrine of separation of powers.

{¶3} We overrule Mr. Whethers' assignment of error based on this court's precedent in *State v. Moran*, 2022-Ohio-3610, 198 N.E.3d 922 (11th Dist.) ("*Moran II*"), and *State v. Taylor*, 2022-Ohio-3611, 198 N.E.3d 956 (11th Dist.). In those cases, we determined that the Reagan Tokes Act does not violate the doctrine of separation of powers or a defendant's constitutional rights to due process, fair trial, or trial by jury. We also found that the Act is not void for vagueness.

{¶4} The judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} In November 2021, the state of Ohio filed a bill of information, which charged Mr. Whethers with one count of possession of a fentanyl-related compound, a felony of the first-degree, in violation of R.C. 2925.11, with a forfeiture specification for contraband in violation of R.C. 2941.1417 and R.C. 2981.04, and one count of possession of cocaine, a felony of the third-degree, in violation of R.C. 2925.11, with a forfeiture specification for contraband in violation of R.C. 2941.1417 and R.C. 2981.04.

{¶6} Mr. Whethers' charges stemmed from two separate incidents. The first incident occurred in June 2019. Mr. Whethers was a passenger in a vehicle that was pulled over in a traffic stop by the Willoughby Police Department. Consent was given to search a vehicle in which Mr. Whethers had been sitting in the back seat. In the back seat, the officers discovered marijuana, heroin, and carfentanil. The second incident occurred in 2021. Shortly before midnight on a night in late October, Lake County Sheriff deputies observed a vehicle enter a parking lot and turn off its headlights. When no one exited the vehicle, the officers approached. Mr. Whethers falsely identified himself and indicated that he was suffering a seizure. When emergency personnel placed Mr.

2

Whethers on a gurney, a large bolus near his right ankle was found that contained narcotics, including various forms of fentanyl and cocaine, as well as a scale.

{¶7} Mr. Whethers pleaded guilty to both counts. The trial court sentenced Mr. Whethers to an indefinite eight- to 12-year term of imprisonment for possession of a fentanyl-related compound and a concurrent, 24-month term of imprisonment for possession of cocaine.

{¶8} Mr. Whethers raises one assignment of error for our review:

{¶9} "As amended by the Reagan Tokes Act, the Revised Code's sentences for qualifying felonies violates the constitutions of the United States and the State of Ohio."

### The Constitutionality of the Reagan Tokes Act

{¶10} In his sole assignment of error, Mr. Whethers contends the Reagan Tokes Act violates the Constitutions of the United States and the state of Ohio. More specifically, Mr. Whethers contends the Reagan Tokes Act violates his rights to trial by jury and due process as well as the doctrine of separation of powers.

{¶11} In *Moran II*, *supra*, and *Taylor*, *supra*, we determined that the Reagan Tokes Act does not violate the doctrine of separation of powers, nor does it violate a defendant's constitutional rights to due process, a fair trial, or trial by jury. We also rejected a void for vagueness challenge. Thus, because we found the Reagan Tokes Act constitutional for the reasons stated in those opinions, we overrule Mr. Whethers' assignment of error, finding it to be without merit.

{¶12} Moreover, we note that the Reagan Tokes Act has been found constitutional by the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Twelfth Districts. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, *appeal*

3

*accepted*, 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.), *appeal accepted in part*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 585; *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607 (4th Dist.); *State v. Ratliff*, 2022-Ohio-1372, 190 N.E.3d 684 (5th Dist.), *appeal accepted*, 167 Ohio St.3d 1481, 2022-Ohio-2765, 192 N.E.3d 516; *State v. Maddox*, 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Runner*, 2022-Ohio-4756, --- N.E.3d --- (7th Dist.); *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (en banc), *appeal accepted*, 166 Ohio St.3d 1496, 2022-Ohio-1485, 186 N.E.3d 830; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837.

{¶13} The issue of whether the Reagan Tokes Act is constitutional is currently pending before the Supreme Court of Ohio. *See State v. Hacker*, case no. 2020-1496, and *State v. Simmons*, case no. 2021-0532.

{¶14} The judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2022-L-091