[Cite as *State v. Maddox*, 2022-Ohio-1350.]

COURT OF APPEALS
LUCAS COUNTY, OHIO
SIXTH APPELLATE DISTRICT

STATE OF OHIO

       Plaintiff-Appellee

-vs-

EDWARD MADDOX

       Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Sitting by Assignment by the Ohio
Supreme Court

Case No. L-19-1253

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Lucas County Court of Common Pleas, Case No. CR19-2094 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2022 |
| APPEARANCES: | |

For Plaintiff-Appellee

JULIA R. BATES
Prosecuting Attorney
Lucas County, Ohio

ALYSSA BREYMAN
Assistant Prosecuting Attorney
Lucas County Courthouse
711 Adams Street
Toledo, Ohio 43604

For Defendant-Appellant

ANDREW R. MAYLE
Mayle, LLC
P.O. Box 263
Perrysburg, Ohio 43552

*Hoffman, P.J.*

**{¶1}** This case comes before this Court from the judgment entered by the Ohio Supreme Court on March 16, 2022, remanding this case for this Court to consider whether the challenged provisions of the Reagan Tokes Law are constitutional. Defendant-appellant is Edward Maddox. Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On September 30, 2019, Appellant entered pleas of guilty pursuant to *North Carolina v. Alford* to two counts of attempted burglary, in violation of R.C. 2923.02 and R.C. 2911.12(A)(2) and (D), felonies of the third degree; and one count of burglary, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree. Appellant was convicted upon his pleas, and the case proceeded directly to sentencing.

**{¶3}** Appellant was sentenced pursuant to Am.Sub.S.B. No. 201, otherwise known as the Reagan Tokes Act. On each of the convictions of attempted burglary, the trial court sentenced Appellant to twelve months incarceration. On the burglary conviction, the court sentenced Appellant to a stated minimum term of incarceration of four years and a maximum indefinite term of incarceration of six years. The trial court ordered the sentences to be served concurrently.

**{¶4}** Appellant appealed the judgment of conviction and sentence, assigning as error:

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

I. IT WAS PLAIN ERROR FOR THE TRIAL COURT TO IMPOSE SENTENCE UNDER THE REAGAN TOKES LAW BECAUSE ITS PROVISIONS ARE UNCONSTITUTIONAL NULLITIES.

II. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN NOT OBJECTING TO APPLICATION OF THE TOKES LAW.

{¶5} This Court found the issue of the constitutionality of the Reagan Tokes Law to be not yet ripe for review. *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702. This case came before the Ohio Supreme Court on a certified conflict. The Ohio Supreme Court reversed this Court's decision finding the issue of constitutionality not ripe for review, and remanded to this Court with instructions to issue a ruling on the constitutionality of the Reagan Tokes Law. *State v. Maddox,* 2022-Ohio-764.

I.

{¶6} In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

{¶7} For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second,

Third, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g.*, *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048l; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶8} The first assignment of error is overruled.

II.

{¶9} In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶10} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley* , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶11} Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

**{¶12}**  The second assignment of error is overruled.

**{¶13}**  The judgment of the Lucas County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur

Sitting by Assignment by the Supreme Court of Ohio

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

_____

HON. EARLE E. WISE, JR.

IN THE COURT OF APPEALS FOR LUCAS COUNTY, OHIO

SIXTH APPELLATE DISTRICT

STATE OF OHIO                          :

                                  :

      Plaintiff-Appellee           :

                                    :

-vs-                               :           JUDGMENT ENTRY

                                    :

EDWARD MADDOX                :

                                    :

      Defendant-Appellant    :           Case No. L-19-1253

For the reasons stated in our accompanying Opinion, the judgment of the Lucas County Court of Common Pleas, is affirmed.  Costs assessed to Appellant.

Sitting by Assignment by the Supreme Court of Ohio

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

_____

HON. EARLE E. WISE, JR.