[Cite as *State v. Cochran*, 2022-Ohio-2004.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. | |
| | : | Hon. Craig R. Baldwin, J. | |
| -vs- | : | | |
| | : | | |
| JEREMY COCHRAN | : | Case No. 2019 CA 00122 | |
| | : | | |
| Defendant - Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:           On remand from the Supreme Court
                                   of Ohio, Case No. 2021-0001


JUDGMENT:                          Affirmed


DATE OF JUDGMENT:                  June 13, 2022


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

WILLIAM C. HAYES                        TODD W. BARSTOW
Licking County Prosecutor               4185 E. Main Street
                                        Columbus, Ohio 43213
By: PAULA M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1} This matter is before us on remand from the Ohio Supreme Court. In Appellant's direct appeal, *State v. Cochran, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329,* we declined to address his first and second assignments of error which challenged the constitutionality of the Reagan Tokes Act and trial counsel's failure to challenge the Act, as we found the challenges were not ripe for review. In *State v. Maddox*, slip opinion No. 2022-Ohio-764, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Cochran's first and second assignments of error.

## STATEMENT OF FACTS AND THE CASE

{¶2} A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal.

{¶3} Cochran was indicted for a violation of R.C. 2925.03, aggravated trafficking in drugs, a second degree felony, and a violation of R.C. 2925.11, aggravated possession of drugs, a second-degree felony. Cochran entered a plea of guilty and the trial court imposed a term of four to six years consistent with the requirements of the Reagan Tokes Act.

{¶4} The assignments of error left unaddressed by this court on direct appeal are as follows:

{¶5} "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."

{¶6} "II. JEREMY COCHRAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**ANALYSIS**

{¶7} In his first assignment of error, Cochran challenged the constitutionality of the Regan Tokes Act, codified as R.C. 2967.271. Specifically, Cochran argued it violated his constitutional rights to trial by jury, equal protection and due process of law, and further violates the constitutional requirement of separation of powers by permitting the Ohio Department of Rehabilitation and Corrections to potentially add additional time to his sentence based upon his behavior in the institution.

{¶8} Following the decision in *Maddox supra,* this court addressed Cochran' arguments regarding the Reagan Tokes Law in *State v. Burris*, 5th Dist. Guernsey No. 21CA000021, 2022-Ohio-1481 and *State v. Ratliff,* 5th Dist. Guernsey No. 21CA000016, 2022-Ohio-1372, ¶ 64. We held that Reagan Tokes was constitutional and did not violate due process, the separation of powers doctrine, the right to a jury trial or the right to equal protection. For the reasons stated in *Burris* and *Ratliff, supra*, we find the Reagan Tokes Law does not violate Wiliams' constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers.

{¶9} In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth District sitting en banc. See, e.g., *State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No.

CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

**{¶10}** Based on the forgoing authority, Cochran's first assignment of error is overruled.

**{¶11} V.**

**{¶12}** Cochran next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. 2967.271.

**{¶13}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

**{¶14}** Because we have found R.C. 2967.271 is constitutional, Cochran cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

**{¶15}**  The judgment of the Licking County Court of Common Pleas regarding

Cochran's first assignment of error and second assignment of error is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.