[Cite as *State v. Stearns*, 2022-Ohio-4245.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-091** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| REGINALD L. STEARNS, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 000819 |

## O P I N I O N

Decided: November 28, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}     Appellant, Reginald L. Stearns ("Mr. Stearns"), appeals the judgment of the Lake County Court of Common Pleas, which imposed an aggregate indefinite prison term of eight to 12 years following Mr. Stearns' guilty pleas to seven counts that related to drug trafficking.

{¶2}     Mr. Stearns asserts six assignments of error.  In assignments of error one through five, he attacks the constitutionality of the Reagan Tokes Law, which is the indefinite sentencing scheme under which he was sentenced.  In assignment of error six,

he contends that his sentence is unsupported by the record and contrary to law because the trial court failed to consider the seriousness/recidivism factors pursuant to RC. 2929.12.

{¶3} After a careful review of the record and pertinent law, we overrule Mr. Stearns' assignments of error, finding them to be without merit, with the exception of his first assignment of error. While this appeal was pending, the Supreme Court of Ohio decided *State v. Maddox*, --- Ohio St.3d ---, 2022-Ohio-764, --- N.E.3d ---, in which it concluded that constitutional challenges to the Reagan Tokes Law are ripe for review. *Id.* at ¶ 1. Thus, Mr. Stearns' first assignment of error has merit insofar as it allows us to review his second thru fifth assignments of error.

{¶4} We overrule Mr. Stearns' second through fifth assignments of error in which he challenges the constitutionality of the Reagan Tokes Law based on this court's precedent in *State v. Moran*, 2022-Ohio-3610, --- N.E.3d --- (11th Dist.) ("*Moran II*"), and *State v. Taylor*, 2022-Ohio-3611, --- N.E.3d --- (11th Dist.). In those cases, we determined that the Reagan Tokes Law does not violate the doctrine of separation of powers, an appellant's constitutional rights to due process, fair trial, or trial by jury, and, further, that it is not void for vagueness.

{¶5} As to Mr. Stearns' sixth assignment of error, the trial court explicitly stated both at the sentencing hearing and in the sentencing entry that it considered the seriousness and recidivism facts pursuant to R.C. 2929.12, and then reviewed them for the record. Most fundamentally, we are not permitted to independently reweigh on appeal the R.C. 2929.12 factors, and there is nothing to suggest Mr. Stearns' sentence is contrary to law.

2

Case No. 2021-L-091

{¶6} The judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶7} At a change of plea hearing, Mr. Stearns pleaded guilty to seven counts in a 14-count indictment:

{¶8} Amended[1] Count 1: complicity to trafficking in a fentanyl-related compound, a fourth-degree felony, in violation of R.C. 2923.03 and R.C. 2925.03(A)(1), with a contraband/instrumentalities forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04;

{¶9} Amended Count 2: complicity to trafficking in a fentanyl-related compound, a lesser included offense to Amended Count 3 and a fifth-degree felony, in violation of R.C. 2923.03 and R.C. 2925.03(A)(1), with a contraband/instrumentalities forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04;

{¶10} Amended Count 3: complicity to trafficking in a fentanyl-related compound, a second-degree felony, in violation of R.C. 2923.03 and R.C. 2925.03(A)(2), with a contraband/instrumentalities forfeiture specification, an instrumentalities forfeiture specification, and a U.S. currency/proceeds forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04;

{¶11} Count 4: possession of a fentanyl-related compound, a fifth-degree felony, in violation of R.C. 2925.11, with a contraband/instrumentalities forfeiture specification,

---

1. Prior to the plea hearing, pursuant to Crim.R. 7(D), the state moved to amend Count 1 to read: "The amount of fentanyl does not equal or exceed one (1) gram" and Count 3 to read: "The amount of a fentanyl-related compound equals or exceeds ten (10) grams but less than twenty (20) grams" for purposes of this plea. The court granted the amendment without objection.

3

Case No. 2021-L-091

an instrumentalities forfeiture specification, and a U.S. currency/proceeds forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04;

{¶12} Count 6: possession of a fentanyl-related compound, a fifth-degree felony, in violation of R.C. 2925.11, with a contraband/instrumentalities forfeiture specification as set forth in R.C. 2941.1417 and 2981.04;

{¶13} Count 7: possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11, with a contraband/instrumentalities forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04; and

{¶14} Count 9: possession of a fentanyl-related compound, a fifth-degree felony, in violation of R.C. 2925.11, with a contraband/instrumentalities forfeiture specification as set forth in R.C. 2941.1417 and R.C. 2981.04.

{¶15} At the plea hearing, the state stated the facts of the offenses for the record, explaining that Mr. Stearns knowingly sold or offered to sell to a confidential informant a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound, a schedule two controlled substance, in complicity with a co-defendant on two different occasions. In the first incident, the drugs did not equal or exceed one gram and were less than one gram (.78), and the offense occurred in the vicinity of a child. There was also contraband and/or instrumentalities related to the sale, including plastic bags, despropionyl fentanyl, and fentanyl. In the second incident, the sale was facilitated by Mr. Stearns and actually committed by his co-defendant. The drugs did not equal or exceed one gram and were less than one gram (.52), and there were contraband and/or instrumentalities related to the offense, including plastic bags, despropionyl fentanyl, and fentanyl.

4

{¶16} Arrest and search warrants were issued as a result of these two drug buys. Upon execution of the warrants, Mr. Stearns, along with his co-defendant, were found to have 10 but less than 20 grams of the fentanyl-related compound they intended to sell. There were also contraband/instrumentalities related to the offense, including mirtazapine, digital scales, fentanyl testing strips, a prescription bottle, empty cephalexin and loperamide capsules, tramadol, despropionyl fentanyl, fentanyl, and two iPhones. The offense was facilitated with a 2010 Chevy Equinox, which was used as an instrumentality to facilitate the drug trafficking. Mr. Stearns also had $5,289 in cash on his person, which was seized during his arrest. The search of his car and residence also revealed Mr. Stearns was in possession of additional bags of fentanyl or a fentanyl-related compound, .39 grams and .87 grams, respectively, as well as a plastic container, a prescription bottle, cocaine, a digital scale with residue, despropionyl fentanyl, and fentanyl.

{¶17} The court accepted Mr. Stearns' guilty pleas, deferred sentencing, and referred the matter to the Lake County Adult Probation Department for a pre-sentence investigation and report as well as a comprehensive psychological evaluation, including a drug and alcohol evaluation.

{¶18} At the sentencing hearing and in its Judgment Entry of Sentence, the trial court stated it considered the record, oral statements, victim impact statements, the pre-sentence report and/or drug and alcohol evaluation, as well as the principles and purposes of sentencing pursuant to R.C. 2929.11, and balanced the seriousness/recidivism factors pursuant to R.C. 2929.12. The court found that Amended Count 2 was a lesser included offense of Amended Count 3 and that a prison sentence

5

was mandatory as to Amended Count 3. The court further found that Mr. Stearns posed the greatest likelihood of recidivism given his extensive criminal history, that a minimum sentence would demean the seriousness of the offense, and that the maximum prison term was needed to protect the public from future harm by Mr. Stearns.

{¶19} The court sentenced Mr. Stearns to 18 months in prison on Amended Count 1; 12 months in prison on Amended Count 2; an indefinite mandatory prison term of a minimum of 8 years and a maximum of 12 years on Amended Count 3; 12 months in prison on Count 4; 12 months in prison on Count 6; 12 months in prison on Count 7; and 12 months in prison on Count 9. All counts were ordered to run concurrent with one another for an aggregate mandatory indefinite prison term of a minimum of 8 years to an aggregate maximum prison term of 12 years. The court also ordered the property and monies seized from the arrest and search to be forfeited. The court imposed and then waived the mandatory $7,500 fine as to the lesser included offense in Amended Count 3 due to a finding that Mr. Stearns was indigent.

{¶20} Mr. Stearns raises six assignments of error on appeal:

{¶21} "[1.] The Defendant-Appellant's constitutional challenges to the indeterminate prison sentence of eight to twelve years that was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, are ripe for review.

{¶22} "[2.] The Defendant-Appellant's indeterminate prison sentence of eight to twelve years that was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.

{¶23} "[3.] The Defendant-Appellant's indeterminate prison sentence of eight to twelve years that was ordered pursuant to the 'Regan Tokes Act,' aka Senate Bill 201,

6

must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.

{¶24} "[4.] The Defendant-Appellant's indeterminate prison sentence of eight to twelve years that was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth And Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

{¶25} "[5.] The Defendant-Appellant's indeterminate prison sentence of eight to twelve years that was ordered pursuant to the 'Reagan Tokes Act,' aka Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution.

{¶26} "[6.] The individual prison terms imposed by the trial court on counts one, two, three, four, six, seven, and nine were unsupported by the record with respect to the factors the court must consider pursuant to R.C. 2929.12 and thus, are contrary to law."

## Reagan Tokes Law

{¶27} We collectively address Mr. Stearns' first through fifth assignments of error, which challenge the constitutionality of the Reagan Tokes Law. More specifically, in his first assignment of error, Mr. Stearns contends that his constitutional challenges to the Reagan Tokes Law are ripe for review. In his second through fifth assignments of error, he contends, respectively, that the Reagan Tokes Law is void for vagueness, violates the doctrine of separation of powers, violates his right to trial by jury, and violates his rights to a fair trial and due process.

7

Case No. 2021-L-091

### Ripe for Review

{¶28} We agree with Mr. Stearns that the Reagan Tokes Law is ripe for review. While his appeal was pending, the Supreme Court of Ohio decided *Maddox*, *supra*, in which it concluded that such challenges are ripe for review, and reversed this court's decision in *State v. Moran*, 11th Dist. Lake Nos. 2020-L-114, 2020-L-115, 2020-L-116, & 2020-L-117, 2021-Ohio-1987 ("*Moran I*"), for further proceedings consistent with *Maddox*. *See In re Cases Held for the Decision in State v. Maddox*, 167 Ohio St.3d 409, 2022-Ohio-1352, 193 N.E.3d 553, ¶ 1. Thus, we sustain Mr. Stearns' first assignment of error and proceed to address his constitutional challenges to the Reagan Tokes Law.

### The Constitutionality of the Reagan Tokes Law

{¶29} In *Moran II*, *supra*, and *Taylor*, *supra*, we determined that the Reagan Tokes Law does not violate the doctrine of separation of powers, an appellant's constitutional rights to due process, fair trial, or trial by jury, and, further, that it is not void for vagueness. Thus, because we found the Reagan Tokes Law constitutional for the reasons stated in those opinions, we overrule Mr. Stearns' second through fifth assignments of error and find them to be without merit.

{¶30} Moreover, we note that the Reagan Tokes Law has been found constitutional by the First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Twelfth Districts. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.); *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607 (4th Dist.); *State v. Ratliff*, 2022-Ohio-1372, 190 N.E.3d 684 (5th Dist.); *State v. Maddox*, 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Delvallie*, 2022-Ohio-470, 185

8

N.E.3d 536 (8th Dist.) (en banc); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. The issue of whether the Reagan Tokes Law is constitutional is currently pending before the Supreme Court of Ohio. *See State v. Hacker*, case no. 2020-1496, and *State v. Simmons*, case no. 2021-0532.

**{¶31}** Thus, in accordance with this court's precedent, we overrule Mr. Stearns' second through fifth assignments of error.

**Sentencing Factors Pursuant to R.C. 2929.12**

**{¶32}** In his sixth assignment of error, Mr. Stearns challenges his sentence as unsupported by the record and contrary to law, contending that the trial court erred in failing to consider the seriousness and recidivism factors of R.C. 2929.12.

**{¶33}** Thus, we apply the standard of review for felony sentences, which is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. Pursuant to R.C. 2953.08(G)(2):

**{¶34}** "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶35}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

9

{¶36} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶37} "(b) That the sentence is otherwise contrary to law."

{¶38} "'Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶39} The Supreme Court of Ohio in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, recently clarified that contrary to the "dicta" in *Marcum*, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. *See also State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, 172 N.E.3d 952, ¶ 67, fn. 2 (Donnelly, J., concurring) (the failure to observe the statutory requirements of R.C. 2929.11 and 2929.12 is not subject to appeal pursuant to R.C. 2953.08). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶40} We note that Mr. Stearns expresses some confusion in his assignment of error as to "contrary to law" in his challenge of whether the trial court erred in failing to

10

consider the seriousness/recidivism factors of R.C. 2929.12. The *Jones* majority clarified that the term "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record. *Id.* at ¶ 32. *See also State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784 (affirming on the authority of *Jones* where the appellant challenged whether his sentence was supported by the record).

{¶41} Thus, following precedent, R.C. 2953.08(G)(2) does not allow an appellate court to review whether the record supports the sentence under R.C. 2929.12.

### R.C. 2929.12

{¶42} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36.

{¶43} R.C. 2929.12(A) grants the sentencing judge discretion "'to determine the most effective way to comply with the purposes and principles of sentencing.'" *Foster* at ¶ 37, quoting R.C. 2929.12(A). "[I]n exercising that discretion, the court shall consider, along with any other 'relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12." *Id.*, quoting R.C. 2929.12(A). These statutory sections provide a nonexclusive list for the court to consider. *Id.*

{¶44} The trial court possesses broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. *State v. Phifer*, 11th Dist. Trumbull No. 2020-T-0010, 2020-Ohio-4694, ¶ 52; R.C. 2929.12(A). The statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. *State v.*

11

*DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. Even a silent record raises the presumption that the sentencing court considered all relevant factors. *Id.*; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶45} As our review indicates, the trial court was explicit at the sentencing hearing and in the sentencing entry that it considered the seriousness/recidivism factors pursuant to R.C. 2929.12. Although the trial court cited to the wrong statutory section at the sentencing hearing, it is clear that the court was referring to R.C. 2929.12. Thus, the court stated:

{¶46} "I have considered all relevant factors including the seriousness and the recidivism factors set forth in Divisions B through E of Revised Code *2929.19*. In that regard, the offenses are more serious because the offender acted as a part of an organized criminal activity. There are no factors making the offenses less serious. In terms of recidivism there are factors making recidivism more likely. The defendant has an extensive criminal record of similar offenses, as well as offenses of violence." (Emphasis added.)

{¶47} The court then reviewed Mr. Stearns' lengthy criminal history, which includes 13 cases where he was sent to prison, convictions in Pennsylvania and Ohio, charges pending in Cuyahoga County at the time of sentencing, and an adjudication as a juvenile for carrying concealed weapons, and the fact that he was the principal offender in this case.

{¶48} Lastly, the sentencing judgment entry explicitly states that the trial court "balanced the seriousness and recidivism factors under R.C. 2929.12."

Case No. 2021-L-091

{¶49} Thus, even if this court could independently review and weigh the evidence, it cannot be said that Mr. Stearns' sentence is not supported by the record given his lengthy criminal history, and there is nothing in the record to suggest that his sentence is contrary to law.

{¶50} With the exception of his first assignment of error, which allowed us to review his second through fifth assignments of error, Mr. Stearns' assignments of error are without merit.

{¶51} Thus, we affirm the judgment of the Lake County Court of Common Pleas.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2021-L-091