[Cite as *State v. Freshwater*, 2023-Ohio-1248.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>JOSHUA C. FRESHWATER,<br><br>Defendant-Appellant. | CASE NO. 2022-L-071<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2021 CR 001210 |

**O P I N I O N**

Decided: April 17, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Joshua C. Freshwater, appeals his sentence, following his no-contest pleas and the trial court's findings of guilt, on one count of obstructing official business and one count of possession of cocaine. We affirm.

{¶2} In 2021, a police officer stopped Freshwater for a traffic violation. During the traffic stop, the officer smelled the odor of raw marijuana. The officer asked Freshwater to have a seat in the back of his cruiser. Freshwater did not comply with the request, and a physical altercation ensued between Freshwater and the officer, during

which the officer deployed his taser on Freshwater. The assistance of backup officers was required to detain Freshwater. Ultimately, officers searched and inventoried Freshwater's vehicle, locating $1,000.00 in cash, together with certain instrumentalities and contraband, including three individual baggies of cocaine, in the total amount of 83.92 grams.

{¶3} Thereafter, Freshwater was indicted on the following charges: (1) obstructing official business, in violation of R.C. 2921.31, a fifth-degree felony; (2) trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a first-degree felony; (3) possession of cocaine, in violation of R.C. 2925.11, a first-degree felony; (4) trafficking in marihuana, in violation of R.C. 2925.03(A)(2), a fourth-degree felony; (5) possession of marihuana, in violation of R.C. 2925.11, a fifth-degree felony; (6-8) three counts of aggravated possession of drugs, in violation of R.C. 2925.11, fifth-degree felonies; and (9) possession of a fentanyl-related compound, in violation of R.C. 2925.11, a fourth-degree felony; and two forfeiture specifications attendant on each charge.

{¶4} Freshwater initially pleaded not guilty and moved to suppress evidence. After hearing, the trial court denied the motion to suppress. Thereafter, Freshwater amended his plea to no-contest to the first and third counts (obstructing official business and possession of cocaine) and their attendant specifications, and the state agreed to move to dismiss the remaining counts pursuant to a plea agreement. The court found Freshwater guilty on the first and third counts, ordered a presentence investigation and victim impact statement, and set the matter for sentencing. Freshwater filed a sentencing memorandum, raising constitutional challenges to the Reagan Tokes Law, which governs his sentence on the possession of cocaine count. At sentencing, the court overruled

2

Freshwater's challenges to the Reagan Tokes Law, imposed a prison term of 12 months on the first count and an indefinite prison term of five to seven and one-half years on the third count, to run concurrently, and ordered forfeiture of the items and cash set forth in the specifications.

{¶5} In his first assigned error, Freshwater argues:

> The trial court erred in ordering the individual prison terms as outlined on each count, as the sentences are unsupported by the factors outlined in R.C. 2929.12 and are thus contrary to law.

{¶6} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing," and it "shall consider the factors * * * relating to the seriousness of the conduct" and "to the likelihood of the offender's recidivism." R.C. 2929.12(A).

{¶7} R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, and it "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b); *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11.

{¶8} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *Meeks* at ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. Thus, "'[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-

3

Ohio-789, ¶ 11, quoting *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶74; *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18. The Supreme Court has further held that a sentence is contrary to law if "it is imposed 'based on factors or considerations that are extraneous to those [seriousness and recidivism factors] that are permitted by R.C. 2929.11 and 2929.12.'" *Meeks* at ¶ 11, quoting *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22. "But an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32.

{¶9} Further, this court has frequently noted that "even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations." *Shannon* at ¶ 17, citing *State v. Parke*, 11th Dist. Ashtabula No. 2011-A-0062, 2012-Ohio-2003, ¶ 24; *State v. Blake*, 11th Dist. Lake No. 2003-L-196, 2005-Ohio-686, ¶ 16.

{¶10} Given the holding in *Jones*, we are precluded from reviewing whether Freshwater's sentence is supported by the record under R.C. 2929.12. However, we will address Freshwater's argument to the extent that he claims the trial court explicitly relied on facts that it was prohibited from considering or explicitly disregarded facts that it is mandated to consider. *State v. Chase*, 11th Dist. Lake Nos. 2020-L-070 & 2020-L-071, 2021-Ohio-1006, ¶ 10, citing *Jones* at ¶ 47-49 (Fischer, J., concurring).

{¶11} At the sentencing hearing and in the presentence report, Freshwater detailed his struggles with drug addiction and indicated that he had historically been the

4

Case No. 2022-L-071

victim of violence as a result of his drug addiction.  When discussing the R.C. 2929.12

factors, the trial court stated:

> Factors indicating the conduct is more or less serious, the Court does note other relevant factors indicating it more serious is the altercation, physical altercation, that the Defendant engaged in with the Deputy at the time of the stop and the commission of the offense. That's an indication of the type of stuff that can happen when committing drug offenses. There's been comments about how the Defendant doesn't have any history or convictions of violence and he doesn't. But yet here's an instance that because of drug use and because of trying to perhaps prevent officers from finding them, a physical altercation ensued.
>
> There was a reference during the statements here that the Defendant has been, you know, beaten, he's been stabbed and there's just been a multitude of incidents where stuff like that has happened.  Violent acts have happened.  Not by the Defendant, but upon the Defendant.  But it's because of drug trafficking and drug dealing and that industry and being involved in that and that's what happens.  That's why there's a danger with the drug dealing because violence surrounds it.
>
> While the Defendant may not have been the one that committed those violent acts, and they were committed upon him, that's happening out in our community in our society right out in the open, these violent acts.  That's part of the danger and risks involved with drug dealing is that others, innocent people, could be injured or could be killed as a result of this stuff going on right out in the streets and in the communities. But in this particular case the Defendant did engage in a physical altercation with the police officer which makes this conduct more serious than normal.
>
> No factors indicate it's less serious.
>
> As for the recidivism factors, the Court notes the Defendant does have a lengthy history of criminal convictions going back thirty years.  He has not responded to previously imposed sanction.  As noted, he's been to prison on six prior occasions. Five in the State of Ohio; one Federal term.
>
> He had been released from probation just a couple months earlier, three, four months before the commission of this

5

Case No. 2022-L-071

offense. A drug abuse problem certainly relates to the commission of the offense and the Defendant is here today indicating that he knows, he knows he has an issue. He has attempted different steps at this point to address what's happened over the past thirty years. But that's just something that happened now. And we don't know because we've gone through this before in the past.

No factors indicate recidivism is less likely. I will note the Defendant has put himself in this program at Ed Keating and for a decent amount of time and appears to be doing well. But we're talking thirty years of conduct here. But that is something to be noted under the less likely recidivism factors.

{¶12} Based upon the trial court's above statements at sentencing, Freshwater maintains that the court erred in considering the physical altercation that occurred in this case as a factor indicating his conduct was more serious than conduct normally constituting the offenses. Freshwater contends that the fact of the physical altercation "goes beyond the factors outlined in R.C. 2929.12(B) and is irrelevant as it has no bearing on the conduct he is actually being sentenced for." However, the R.C. 2929.12(B) factors for the trial court to consider in sentencing is not exhaustive, as the court may consider "any other relevant factors." We are not persuaded that the physical altercation is "irrelevant" to the possession of cocaine charge. However, even were this court to agree with Freshwater on its irrelevance to that charge, the altercation was the primary basis of the obstructing official business charge. Accordingly, the altercation is highly relevant in sentencing and was properly considered.

{¶13} Freshwater next maintains that the trial court erred in considering the fact that Freshwater had been the victim of multiple violent acts in the past as a factor making his conduct more serious. However, we do not read the trial court's statements as indicating that Freshwater's history as a victim of violent crimes made his conduct more

6

Case No. 2022-L-071

serious in this case; instead, the court contrasted Freshwater's history of not perpetuating violence and of being the victim of violence with his conduct at issue in the present case, where he acted violently toward a police officer.

{¶14} Freshwater lastly contends that the trial court "completely ignored" the mitigating factor of his remorse, particularly in light of his "significant steps in treatment to make changes in his life." However, the trial court specifically acknowledged his treatment when discussing the recidivism factors. Further, to the extent that Freshwater expressed remorse for the offenses, the trial court was not required to expressly state that it had considered his remorse, nor was it required to find Freshwater's statements of remorse credible. *See State v. Rutherford*, 11th Dist. Lake No. 2020-L-033, 2020-Ohio-3934, ¶ 7.

{¶15} Based upon the foregoing, Freshwater's first assigned error is without merit.

{¶16} In his second through fifth assigned errors, Freshwater argues:

> [2.] The Defendant-Appellant's indeterminate prison sentence on count three of five to seven and one-half years that was ordered pursuant to the "Reagan Tokes Act," aka Senate Bill 201, must be reversed as the Reagan Tokes Act is unconstitutionally void for vagueness.
>
> [3.] The Defendant-Appellant's indeterminate prison sentence on count three of five to seven and one-half years that was ordered pursuant to the "Reagan Tokes Act," aka Senate Bill 201, must be reversed as the Reagan Tokes Act unconstitutionally violates the doctrine of separation of powers.
>
> [4.] The Defendant-Appellant's indeterminate prison sentence on count three of five to seven and one-half years that was ordered pursuant to the "Reagan Tokes Act," aka Senate Bill 201, violates his constitutional right to trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Ohio Constitution.

7

[5.] The Defendant-Appellant's indeterminate prison sentence of five to seven and one-half years that was ordered pursuant to the "Reagan Tokes Act," aka Senate Bill 201, violates his constitutional rights to fair trial and due process as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5 & 10 of the Ohio Constitution.

{¶17} In Freshwater's second through fifth assigned errors, he raises constitutional challenges to the Reagan Tokes Law, under which he received an indeterminate prison sentence of five to seven and one-half years on the possession of cocaine count.

{¶18} Initially, we note that Freshwater did not raise the void for vagueness challenge contained in his second assigned error in the trial court. "While an appellate court may hear a constitutional challenge that has not been raised below, such an issue is evaluated only for plain error." *State v. Shannon*, 11th Dist. Trumbull No. 2021-T-0049, 2022-Ohio-4160, ¶ 42, citing *State v. Freetage*, 11th Dist. Portage No. 2020-P-0083, 2021-Ohio-4050, ¶ 34. "'When the court hears an appeal for plain error, it must presume the constitutionality of the statute at issue and will not invalidate it unless the challenger establishes that it is unconstitutional beyond a reasonable doubt.'" *Shannon* at ¶ 42, quoting *Freetage* at ¶ 34. Nonetheless, this court has previously considered the arguments raised in Freshwater's second assigned error, as well as his third through fifth assigned errors, and for the reasons addressed below, the trial court did not err in finding the Reagan Tokes Law constitutional.

{¶19} The issue of the facial constitutionality of the Reagan Tokes Law is currently pending before the Supreme Court of Ohio. *See, e.g., State v. Hacker*, Sup. Ct. Case No. 2020-1496; and *State v. Simmons*, Sup. Ct. Case No. 2021-0532. This court has

8

addressed the constitutional challenges that Freshwater advances in *State v. Moran*, 2022-Ohio-3610, 198 N.E.3d 922 (11th Dist.), *State v. Taylor*, 2022-Ohio-3611, 198 N.E.3d 956 (11th Dist.), and *State v. Scott*, 11th Dist. Trumbull No. 2022-T-0084, 2023-Ohio-1091. Therein, we "determined that the Reagan Tokes Law does not violate the doctrine of separation of powers, an appellant's constitutional rights to due process, fair trial, or trial by jury, and, further, that it is not void for vagueness." *State v. Stearns*, 11th Dist. Lake No. 2021-L-091, 2022-Ohio-4245, ¶ 29, *appeal allowed*, 2023-Ohio-554. Further, "the constitutionality of the Reagan Tokes Law has been addressed by other Ohio appellate courts, each of which has declared that the sentencing scheme does not facially violate an inmate's constitutional rights." *Moran* at ¶ 4, citing *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Hacker*, 2020-Ohio-5048, 161 N.E.3d 112 (3d Dist.), *appeal allowed in part*, 161 Ohio St.3d 1449, 2021-Ohio-534, 163 N.E.3d 585; *State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607 (4th Dist.); *State v. Ratliff*, 2022-Ohio-1372, 190 N.E.3d 684 (5th Dist.), *appeal allowed*, 167 Ohio St.3d 1481, 2022-Ohio-2765, 192 N.E.3d 516; *State v. Maddox*, 2022-Ohio-1350, 188 N.E.3d 682 (6th Dist.); *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (en banc), *appeal allowed*, 166 Ohio St.3d 1496, 2022-Ohio-1485, 186 N.E.3d 830; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. *See also State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, *appeal allowed*, 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850, ¶ 1; and *State v. Runner*, 2022-Ohio-4756, 204 N.E.3d 162 (7th Dist.).

{¶20} For the reasons stated in *Moran*, *Taylor*, and *Scott*, Freshwater's second through fifth assigned errors are without merit.

9

Case No. 2022-L-071

{¶21} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

10